TRINA A. HIGGINS, United States Attorney (#7349)
RUTH HACKFORD-PEER, Assistant United States Attorney (#15049)
AHMED ALMUDALLAL, Trial Attorney (NY No. 5090832)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>SERGIO SOSA<br><br>            Defendant. | CASE NO. 2:20-CR-00073-DS<br><br>OPPOSITION TO SERGIO SOSA'S COMPASSIONATE RELEASE MOTION<br><br>Judge David Sam |

Pro se movant Sergio Sosa has served less than 1/4 of his 36-month sentence he received for his role in an extensive tax evasion scheme. He seeks relief pursuant to 18 U.S.C. § 3582(c) on the grounds that he has a number of medical conditions for which the Bureau of Prisons has failed to provide necessary care. On November 20, 2023, the Court ordered counsel and probation to "comply with the procedures contained in the court's General Order 22-022." The Court should deny Sosa's motion because he has not carried his burden to prove that he fully exhausted his administrative remedies prior to seeking judicial relief. In fact, he acknowledges that he has not exhausted his administrative remedies. The United States has not waived Sosa's obligations under the Administrative Procedures Act. Sosa must, therefore, fully exhaust his remedies before involving this Court.

### A. Legal standard

Courts generally cannot modify a term of imprisonment once it has been imposed. Section 3582(c)(1) provides a limited exception to the general rule prohibiting federal courts from modifying a term of imprisonment once it has been imposed. *See United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021). That subsection "authorize[s] the Director of the BOP to move for a reduction in a defendant's sentence." *Id.* Since the passage of the First Step Act in 2018, it also permits "a defendant to directly file a motion for compassionate release with the district court after either exhausting administrative rights … or the passage of 30 days from the defendant's unanswered request to the warden for such relief." *Id.*

Once a defendant has satisfied the exhaustion requirement, (which has not happened here), the district court may reduce the sentence and release the defendant only if three requirements are met: "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." *Id.* at 831; *see also United States v. Hald*, 8 F.4th 932, 937-38 (10th Cir. 2021) (discussing this "three-step test" and citing *Maumau*, 993 F.3d at 831, and *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021)). The Court need not address these requirements in any particular order and may deny a § 3582(c)(1)(A) motion at any of the three steps without addressing the others. *Hald*, 8 F.4th at 942.[1]

Section 3582(c)(1)(A) does not define "extraordinary and compelling reasons," leaving courts to "determine for themselves" what qualifies. *McGee*, 992 F.3d at 1045. At the same time, Congress

---

[1] Once Mr. Sosa has exhausted his administrative remedies, if he should seek compassionate release at that time, these are the factors the Court could then consider.

2

directed the Sentencing Commission, "in promulgating general policy statements" concerning § 3582(c)(1)(A), to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). The Sentencing Commission's guidance is set forth at U.S.S.G. § 1B1.13. Because the prior version of § 1B1.13 referred only to motions made by the BOP, the Tenth Circuit held that it was "inapplicable" to motions filed directly by defendants, and could not "constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." *McGee*, 992 F.3d at 1050. The Commission, however, recently amended the guidelines—including the pertinent policy statement—which took effect on November 1, 2023. *See* 28 U.S.C. § 994(p). The Amendments "extend the applicability of the current policy statement to defendant-filed motions," "move the description of the permissible bases for a reduction from the commentary to the policy statement itself," and "expand the list of extraordinary and compelling reasons that can warrant sentence reductions." *United States v. Favro*, No. 2:19-cr-261-TC, 2023 WL 5938098, at *2 (D. Utah, Sept. 12, 2023) (citing Proposed Amendments at 10-13). Notably, the Amendments do not excuse the mandatory requirement to exhaust administrative remedies before involving the Court.

**B. Sosa has not established that he fully exhausted his administrative remedies.**

As noted, § 3582(c) requires that a request for compassionate release be presented first to the BOP for its consideration. *See* 18 U.S.C. § 3582(c)(1)(A). Only after 30 days have passed without a response from the warden, *or* the defendant has exhausted all administrative rights to appeal the BOP's failure to move on the defendant's behalf, may the defendant himself file a motion in the district court for a sentence reduction. *Id.*; *see also* Maumau, 993 F.3d at 830; *United States v. Gieswein*, No. 22-6014, 2022 WL 2841835 at *2 (10th Cir. July 21, 2022). Where the warden denies a request within the thirty-day window, courts in this Circuit require "*full* administrative exhaustion— including, internal administrative appeals of the warden's decision. *United States v. Cook*, No.

3

21CR895, 2023 WL 4848514, at *2 (D.N.M. July 28, 2023) (emphasis added).  Specifically, full exhaustion requires a prisoner to appeal the warden's denial "through the Administrative Remedy Procedure, set forth in 28 C.F.R. § 542(B)." *United States v. Tafoya*, No. CR 15-4112 RB, 2022 WL 3586247, at *2 (D.N.M. Aug. 22, 2022), *aff'd*, No. 22-2110, 2023 WL 4446353 (10th Cir. July 11, 2023) (quotation marks omitted).[2]  "Only after the petitioner's request is denied by the General Counsel or the Director of the BOP, does the denial 'constitute[ ] a final administrative decision.'" *Cook*, 2023 WL 4848514, at *2 (quoting 28 C.F.R. § 571.63(b)-(c)).

On July 17, 2023, Sosa sought compassionate release from the Warden of his Institution. Warden Lepe denied the request on August 15, 2023. Sosa is now in the process of appealing that denial. Sosa admits that his next step is to file a Central Office Remedy Appeal, a step he calls the BP-11, and one he admits he has not yet taken. Docket No. 167 at p. 2. He asks to be excused from doing so because the process may take an additional two months to complete. Sosa requests that the court waive the requirement that he must complete the administrative remedy process. But administrative exhaustion is mandatory.

Sosa has failed to provide any evidence that he took the next step necessary to exhaust his administrative rights—*i.e.*, appealing the warden's denial "through the Administrative Remedy Procedure,' set forth in 28 C.F.R. § 542(B)." *Tafoya*, 2022 WL 3586247, at *2 (quotation marks omitted); *see also* 28 C.F.R. § 571.63(b)-(c); Doc. 754.  Instead, he sought relief in this Court by filing his motion for compassionate release.  Having failed to fully exhaust his remedies under § 3582(c)(1)(A), Sosa cannot pursue his request for compassionate release any further.

---

[2] *See also United States v. Norwood*, No. CR-06-180-F, 2020 WL 4914652, at *1 (W.D. Okla. June 15, 2020) ("A denial of a request by the warden is governed by 28 C.F.R. § 571.63 and 28 C.F.R. § 542.15. Under those regulations, defendant exhausts his administrative rights by appealing to the Regional Director of the Bureau of Prisons and if the Regional Director denies the request, then appealing the denial to the General Counsel of the Bureau of Prisons."); *United States v. Gomez-Vega*, No. CR 19-1382-001 KG, 2021 WL 1339394, at *2 (D.N.M. Apr. 9, 2021) ("[I]f the initial request is denied by the warden, rather than left unanswered, the petitioner must [then] appeal the warden's decision through the BOP administrative remedy process in order to fully exhaust." (quotation marks omitted)).

Although Section 3682(c)(1)(A)'s exhaustion requirement is "mandatory" when raised, it is not "jurisdictional in nature" and can be waived by the United States. *United States v. Hemmelgarn,* 15 F.4th 1027, 1030-31 (10th Cir. 2021). The United States does not waive the requirement here. Mr. Sosa must fully exhaust his administrative remedies before seeking compassionate release from this Court. *United States v. Moreira*, No. 20-3251, 2022 WL 2951943 at *5 (10th Cir. July 26, 2022). Mr. Sosa's motion should be dismissed.

Should the Court decline to dismiss Mr. Sosa's motion on exhaustion grounds, General Order 22-022 should govern. Specifically, Mr. Sosa's previous counsel should be directed to either enter an appearance, a notice declining to appear, or a motion to appoint counsel pursuant to Gen. Order 22-022 ¶ 4. Mr. Sosa's previous or newly appointed counsel should then be directed to file a notice pursuant to ¶ 5 regarding any supplementation of Mr. Sosa's *pro se* motion. Pursuant to ¶ 7, the United States will respond to the motion and its supplement (if any) within 28 days, unless the Court orders otherwise.

DATED this 21st day of November, 2023.

Respectfully submitted,

TRINA A. HIGGINS
United States Attorney

 */s/Ruth Hackford-Peer*
Ruth Hackford-Peer
Assistant United States Attorney